FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 08 2016 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV-16 1718
FEUERSTEIN, J

| | |
|---|---|
| CRYPTO RESEARCH, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| ASSA ABLOY INC.; and HID GLOBAL CORPORATION, | ) |
| Defendants. | ) |

Civil Action No.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Crypto Research, LLC ("Plaintiff" or "Crypto Research"), by its attorneys, Ryan, Mason & Lewis, LLP, files this Complaint against defendants Assa Abloy Inc. ("ASSA US") and HID Global Corporation ("HID Global") (collectively, "Defendants") and hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement to enjoin infringement and obtain damages resulting from Defendants' unauthorized and ongoing actions, in the state of New York and elsewhere, of making, using, offering to sell, selling and/or importing into the United States, certain products that infringe one or more claims of United States Patent No. 8,086,866 ("the '866 Patent"), United States Patent No. 8,516,262 ("the '262 Patent"), and United States Patent No.

1

8,990,576 ("the '576 Patent"), collectively referred to herein as the Patents-in-Suit, and inducing infringement of and/or contributorily infringing same.

## PARTIES

2.     Crypto Research is a limited liability company organized and existing under the laws of the state of California, with its principal place of business at 118 Ramona Road, Portola Valley, CA 94028.

3.     ASSA US is a corporation organized and existing under the laws of the state of Oregon, having a principal place of business at 110 Sargent Drive, New Haven, CT 06511. ASSA US is a wholly-owned subsidiary of Assa Abloy AB ("ASSA AB"), a limited liability company organized and existing under the laws of Sweden, having a principal place of business in Stockholm, Sweden.

4.     HID Global is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 611 Center Ridge Drive, Austin, TX 78753. HID Global is a wholly-owned subsidiary of ASSA US. HID Global is part of the Global Technologies division of ASSA AB.

## JURISDICTION AND VENUE

5.     This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     Defendants are subject to personal jurisdiction in the Eastern District of New York because: Defendants have minimum contacts in the State of New York and in the Eastern District of New York; Defendants have purposefully availed themselves of the privileges of conducting

business in the State of New York and in the Eastern District of New York; Defendants have sought protection and benefit from the laws of the State of New York; Defendants directly and/or through one or more subsidiaries or other agents transact business within the State of New York and within the Eastern District of New York; Defendants directly and/or through one or more subsidiaries or other agents contract outside the State of New York to supply goods and/or services within the State of New York and within the Eastern District of New York; and Plaintiff's causes of action arise directly from Defendant's transacting of business, contracting to supply goods and/or services, and other activities within or directed to the State of New York and the Eastern District of New York.

8. Defendants, directly and/or through distributors, resellers, partners, intermediaries, subsidiaries or other agents, manufacture, ship, distribute, offer to sell, sell, license, support and/or advertise their products in the United States, the State of New York, and the Eastern District of New York; Defendants maintain interactive web sites accessible in the State of New York and in the Eastern District of New York through which Defendants advertise and otherwise offer for sale their products in the State of New York and in the Eastern District of New York; Defendants have committed acts of patent infringement in the State of New York and in the Eastern District of New York; Defendants solicit, license and support customers, licensees and/or end-users in the State of New York and in the Eastern District of New York; Defendants have customers, licensees and/or end-users who are residents of the State of New York and the Eastern District of New York and who use Defendants' products in the State of New York and in the Eastern District of New York; and Defendants contract outside the State of New York to supply or otherwise make available products which infringe one or more of the Patents-in-Suit in the State of New York and in the Eastern District of New York.

3

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

10.     The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office to inventor Dr. Bjorn Markus Jakobsson after full and fair examination. Dr. Jakobsson has assigned the entire right, title and interest in and to the Patents-in-Suit to Crypto Research, giving Crypto Research the right to exclude Defendants from making, using, offering to sell, selling or importing in this district and elsewhere in the United States the patented invention(s) of the Patents-in-Suit, and the right to license the Patents-in-Suit, collect damages and initiate lawsuits against the Defendants.

11.     Crypto Research's patented technology, as described and claimed in the Patents-in-Suit, includes techniques for efficient computation of one-way chains in cryptographic applications. The development of these techniques has been widely referenced in scholarly literature in the field of cryptography, with attribution to Dr. Jakobsson. For example, a seminal 2002 paper authored by Dr. Jakobsson entitled "Fractal Hash Sequence Representation and Traversal," which introduced certain implementations of the efficient computation techniques described and claimed in the Patents-in-Suit to the cryptographic community, has been cited by over 100 other scholarly papers in the field of cryptography, according to the citation function of Google Scholar Search. In addition to the Patents-in-Suit, Canadian and Japanese patents have been granted to Dr. Jakobsson and assigned to Crypto Research for techniques for efficient computation of one-way chains in cryptographic applications.

12.     ASSA AB is the current assignee of several issued U.S. patents that specifically credit Dr. Jakobsson with development of techniques for efficient computation of one-way chains in cryptographic applications. Such issued U.S. patents include U.S. Patent No. 7,353,396 ("the

'396 patent"), U.S. Patent No. 8,171,524 ("the '524 patent"), U.S. Patent No. 8,732,457 ("the '457 patent"), and U.S. Patent No. 9,230,375 ("the '375 patent") (collectively, the "ASSA Patents").

13.     The ASSA Patents expressly state that techniques for efficient computation of one-way chains developed by Dr. Jakobsson provide a "surprising time/storage tradeoff" and further indicate that utilization of such techniques, or variants thereof that are covered by one or more claims of the Patents-in-Suit, provides desirable features for a certificate validation infrastructure, including significantly reduced computational complexity and scalability to very large numbers of certificates. *See* col. 7, l. 60 to col. 8, l. 22 of the '457 patent. *See also* col. 19, ll. 20-51 and col. 33, l. 35 to col. 37, l. 11 of the '396 patent; col. 18, l. 44 to col. 19, l. 7 and col. 32, l. 33 to col. 36, l. 2 of the '524 patent; and col. 15, l. 44 to col. 16, l. 7 and col. 29, l. 45 to col. 33, l. 14 of the '375 patent.

14.     The ASSA Patents and/or their associated patent applications were previously assigned to CoreStreet, Ltd. ("CoreStreet").

15.     ActivIdentity Corporation ("ActivIdentity") acquired CoreStreet in or about 2009.

16.     ASSA US acquired ActivIdentity Corporation in or about 2010 and subsequently integrated that acquisition into HID Global.

17.     HID Global's product line includes CoreStreet-branded and ActivIdentity-branded products providing certificate validation functionality. Such CoreStreet-branded products include the "CoreStreet Validation Suite," the "CoreStreet Validation Authority," the "CoreStreet Tactical Validation Authority," and the "CoreStreet Path Builder" (collectively, "CoreStreet Products"). Such ActivIdentity-branded products include the "ActivID® Validation Authority," the "ActivID® Tactical Validation Authority," and the "ActivID® Path Builder" (collectively, "ActivIdentity Products").

18.     ASSA US and HID Global publications, including web pages and other product literature, as well as CoreStreet and ActivIdentity product literature, describe generation of certificate validation proofs in the CoreStreet Products and the ActivIdentity Products.

19.     Upon information and belief, the CoreStreet Products and the ActivIdentity Products generate certificate validation proofs in the manner described in the ASSA Patents, namely, utilizing efficient one-way chain computation techniques of the type developed by Dr. Jakobsson and described and claimed in the Patents-in-Suit.

20.     Upon information and belief, the CoreStreet Products and the ActivIdentity Products are designed to provide certificate validation infrastructure features such as extremely low latency and scalability to very large numbers of certificates at least in part through the use of efficient one-way chain computation techniques of the type developed by Dr. Jakobsson and described and claimed in the Patents-in-Suit.

21.     Upon information and belief, ASSA US makes, uses, offers to sell, sells, and/or imports into the United States, either directly or through one or more subsidiaries such as HID Global or other agents, the CoreStreet Products and the ActivIdentity Products, as individual products or as components of systems or services configured to perform certificate validation using one or more of the CoreStreet Products and the ActivIdentity Products (collectively, "ASSA Validation Products").

22.     Upon information and belief, HID Global makes, uses, offers to sell, sells, and/or imports into the United States, either directly or through one or more subsidiaries or other agents, the CoreStreet Products and the ActivIdentity Products, as individual products or as components of systems or services configured to perform certificate validation using one or more of the CoreStreet Products and the ActivIdentity Products (collectively, "HID Validation Products").

23.     ASSA US had actual or constructive knowledge of the specification and issued claims of the '866 Patent and the '262 Patent, at least as early as February 11, 2015, when a letter dated February 9, 2015 was delivered via FedEx to L. Page Heslin, General Counsel and Corporate Secretary for ASSA US.  The February 9, 2015 letter specifically identifies: (a) the '866 Patent and the '262 Patent; (b) citations in one or more of the ASSA Patents to Dr. Jakobsson's work relating to one-way chain computation techniques; and (c) suggestions in one or more of the ASSA Patents to utilize efficient one-way chain computation techniques of the type developed by Dr. Jakobsson and described and claimed in the '866 Patent and the '262 Patent.

24.     ASSA US had actual or constructive knowledge of the specification and issued claims of the '576 Patent, at least as early as May 4, 2015, when a follow-up letter dated May 1, 2015 to the aforementioned February 9, 2015 letter was delivered via FedEx to L. Page Heslin, General Counsel and Corporate Secretary for ASSA US.  The May 1, 2015 letter specifically identifies: (a) the Patents-in-Suit; (b) citations in one or more of the ASSA Patents to Dr. Jakobsson's work relating to one-way chain computation techniques; and (c) suggestions in one or more of the ASSA Patents to utilize efficient one-way chain computation techniques of the type developed by Dr. Jakobsson and described and claimed in the Patents-in-Suit.

25.     HID Global had actual or constructive knowledge of the specification and issued claims of the Patents-in-Suit, at least as early as December 16, 2015, when a follow-up letter dated December 15, 2015 to the aforementioned February 9, 2015 and May 1, 2015 letters was delivered via FedEx to Chris Kirby, Vice President of Intellectual Property for HID Global.  The December 15, 2015 letter specifically identifies: (a) the Patents-in-Suit; (b) citations in one or more of the ASSA Patents to Dr. Jakobsson's work relating to one-way chain computation techniques; and (c) suggestions in one or more of the ASSA Patents to utilize efficient one-way chain computation

techniques of the type developed by Dr. Jakobsson and described and claimed in the Patents-in-Suit. A copy of the December 15, 2015 letter was also delivered via Fedex on December 16, 2015 to L. Page Heslin, General Counsel and Corporate Secretary for ASSA US. Copies of the February 9, 2015 and May 1, 2015 letters were also delivered via FedEx on December 16, 2015 to Chris Kirby, Vice President of Intellectual Property for HID Global.

26.     In each of the May 1, 2015 and December 15, 2015 letters, a specific request was made for ASSA US and/or HID Global to advise Dr. Jakobsson and/or Crypto Research if no ASSA US and/or HID Global products incorporated techniques based on the aforementioned "surprising time/storage tradeoff" attributed to Dr. Jakobsson in one or more of the ASSA Patents.

27.     No reply to any of the aforementioned letters has been received to date.

28.     Upon information and belief, the CoreStreet Products and the ActivIdentity Products are sold and licensed subject to end-user license agreements that prohibit purchasers of those products from reverse engineering the products.

29.     Upon information and belief, Defendants have continued to make, use, offer to sell, sell, and/or import into the United States the ASSA Validation Products and the HID Validation Products, despite actual or constructive knowledge that one or more of the ASSA Validation Products and the HID Validation Products infringe one or more claims of the Patents-in-Suit as detailed in the aforementioned December 15, 2015 letter.

30.     Defendants' web pages and other product literature describe the fundamental purpose of the ASSA Validation Products and the HID Validation Products as certificate validation.

31.     Upon information and belief, the ASSA Validation Products and the HID Validation Products have no substantial use outside of the context of certificate validation, which

8

functionality is implemented in such products using efficient one-way chain computation techniques of the type developed by Dr. Jakobsson and described and claimed in the Patents-in-Suit.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,086,866

32.     Paragraphs 1 through 31 are incorporated by reference as if fully restated herein.

33.     The '866 Patent was duly and legally issued by the United States Patent and Trademark Office on December 27, 2011. The '866 Patent is in full force and effect. A true and correct copy of the '866 Patent is attached hereto as Exhibit 1 and made part hereof.

34.     Crypto Research is the owner of all right, title and interest in and to the '866 Patent, with the exclusive right to enforce the '866 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

35.     Upon information and belief, ASSA US – without authority, consent or right – makes, uses, offers to sell, sells, and/or imports into the United States the ASSA Validation Products, and such products directly infringe, literally and/or under the Doctrine of Equivalents, at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent.

36.     Upon information and belief, ASSA US has also indirectly infringed the '866 Patent by inducing infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent. Despite ASSA US's actual or constructive knowledge of the '866 Patent and the infringing nature of the ASSA Validation Products, ASSA US has knowingly and actively, itself or through a subsidiary or other agent, induced others to infringe the '866 Patent by advertising, selling, licensing and/or supporting the ASSA Validation Products which, when used, result in the direct infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent.

37.     Upon information and belief, ASSA US has further indirectly infringed the '866 Patent by contributing to the infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent.  By selling or otherwise providing or making available the ASSA Validation Products, itself or through a subsidiary or other agent, ASSA US has contributed to the infringement of the '866 Patent by customers, licensees and/or end-users who use such products for certificate validation.

38.     Upon information and belief, HID Global – without authority, consent or right – makes, uses, offers to sell, sells, and/or imports into the United States the HID Validation Products, and such products directly infringe, literally and/or under the Doctrine of Equivalents, at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent.

39.     Upon information and belief, HID Global has also indirectly infringed the '866 Patent by inducing infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent.  Despite HID Global's actual or constructive knowledge of the '866 Patent and the infringing nature of the HID Validation Products, HID Global has knowingly and actively, itself or through a subsidiary or other agent, induced others to infringe the '866 Patent by advertising, selling, licensing and/or supporting the HID Validation Products which, when used, result in the direct infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent.

40.     Upon information and belief, HID Global has further indirectly infringed the '866 Patent by contributing to the infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent.  By selling or otherwise providing or making available the HID Validation Products, itself or through a subsidiary or other agent, HID Global has contributed to the infringement of the '866 Patent by customers, licensees and/or end-users who use such products for certificate validation.

41.     Defendants' infringement has been willful, with actual or constructive knowledge of the '866 Patent.  The ASSA Patents clearly indicate that the one-way chain computation techniques described therein are based on and derived from the work of Dr. Jakobsson, which fact was actually known or reasonably should have been known to Defendants, and despite an objectively high likelihood that their aforementioned actions involving the CoreStreet Products and the ActivIdentity Products constituted infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17-19 of the '866 Patent, Defendants undertook and continue to undertake such actions.

42.     As a result of Defendants' infringing conduct, Crypto Research has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interests and costs as fixed by this Court under 35 U.S.C. § 284.

43.     Upon information and belief, Defendants will continue their infringement of the '866 Patent unless enjoined by this Court.  Defendants' infringing conduct has caused Crypto Research irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,516,262

44.     Paragraphs 1 through 31 are incorporated by reference as if fully restated herein.

45.     The '262 Patent was duly and legally issued by the United States Patent and Trademark Office on August 20, 2013, after full and fair examination.  A Certificate of Correction was issued on December 10, 2013.  The '262 Patent is in full force and effect.  A true and correct copy of the '262 Patent is attached hereto as Exhibit 2 and made part hereof.

46.     Crypto Research is the owner of all right, title and interest in and to the '262 Patent, with the exclusive right to enforce the '262 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

11

47.     Upon information and belief, ASSA US – without authority, consent or right – makes, uses, offers to sell, sells, and/or imports into the United States the ASSA Validation Products, and such products directly infringe, literally and/or under the Doctrine of Equivalents, at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent.

48.     Upon information and belief, ASSA US has also indirectly infringed the '262 Patent by inducing infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent. Despite ASSA US's actual or constructive knowledge of the '262 Patent and the infringing nature of the ASSA Validation Products, ASSA US has knowingly and actively, itself or through a subsidiary or other agent, induced others to infringe the '262 Patent by advertising, selling, licensing and/or supporting the ASSA Validation Products which, when used, result in the direct infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent.

49.     Upon information and belief, ASSA US has further indirectly infringed the '262 Patent by contributing to the infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent. By selling or otherwise providing or making available the ASSA Validation Products, itself or through a subsidiary or other agent, ASSA US has contributed to the infringement of the '262 Patent by customers, licensees and/or end-users who use such products for certificate validation.

50.     Upon information and belief, HID Global – without authority, consent or right – makes, uses, offers to sell, sells, and/or imports into the United States the HID Validation Products, and such products directly infringe, literally and/or under the Doctrine of Equivalents, at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent.

51.     Upon information and belief, HID Global has also indirectly infringed the '262 Patent by inducing infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent.

12

Despite HID Global's actual or constructive knowledge of the '262 Patent and the infringing nature of the HID Validation Products, HID Global has knowingly and actively, itself or through a subsidiary or other agent, induced others to infringe the '262 Patent by advertising, selling, licensing and/or supporting the HID Validation Products which, when used, result in the direct infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent.

52.     Upon information and belief, HID Global has further indirectly infringed the '262 Patent by contributing to the infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent. By selling or otherwise providing or making available the HID Validation Products, itself or through a subsidiary or other agent, HID Global has contributed to the infringement of the '262 Patent by customers, licensees and/or end-users who use such products for certificate validation.

53.     Defendants' infringement has been willful, with actual or constructive knowledge of the '262 Patent. The ASSA Patents clearly indicate that the one-way chain computation techniques described therein are based on and derived from the work of Dr. Jakobsson, which fact was actually known or reasonably should have been known to Defendants, and despite an objectively high likelihood that their aforementioned actions involving the CoreStreet Products and the ActivIdentity Products constituted infringement of at least claims 1, 2, 4, 6, 9, 10, 12, 14 and 17 of the '262 Patent, Defendants undertook and continue to undertake such actions.

54.     As a result of Defendants' infringing conduct, Crypto Research has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interests and costs as fixed by this Court under 35 U.S.C. § 284.

55.     Upon information and belief, Defendants will continue their infringement of the '262 Patent unless enjoined by this Court. Defendants' infringing conduct has caused Crypto

Research irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,990,576

56.     Paragraphs 1 through 31 are incorporated by reference as if fully restated herein.

57.     The '576 Patent was duly and legally issued by the United States Patent and Trademark Office on March 24, 2015, after full and fair examination. A Certificate of Correction was issued on June 30, 2015. The '576 Patent is in full force and effect. A true and correct copy of the '576 Patent is attached hereto as Exhibit 3 and made part hereof.

58.     Crypto Research is the owner of all right, title and interest in and to the '576 Patent, with the exclusive right to enforce the '576 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

59.     Upon information and belief, ASSA US – without authority, consent or right – makes, uses, offers to sell, sells, and/or imports into the United States the ASSA Validation Products, and such products directly infringe, literally and/or under the Doctrine of Equivalents, at least claims 1-4, 6, 9 and 13-20 of the '576 Patent.

60.     Upon information and belief, ASSA US has also indirectly infringed the '576 Patent by inducing infringement of at least claims 1-4, 6, 9 and 13-20 of the '576 Patent. Despite ASSA US's actual or constructive knowledge of the '576 Patent and the infringing nature of the ASSA Validation Products, ASSA US has knowingly and actively, itself or through a subsidiary or other agent, induced others to infringe the '576 Patent by advertising, selling, licensing and/or supporting the ASSA Validation Products which, when used, result in the direct infringement of at least claims 1-4, 6, 9 and 13-20 of the '576 Patent.

61.     Upon information and belief, ASSA US has further indirectly infringed the '576 Patent by contributing to the infringement of at least claims 1-4, 6, 9 and 13-20 of the '576 Patent. By selling or otherwise providing or making available the ASSA Validation Products, itself or through a subsidiary or other agent, ASSA US has contributed to the infringement of the '576 Patent by customers, licensees and/or end-users who use such products for certificate validation.

62.     Upon information and belief, HID Global – without authority, consent or right – makes, uses, offers to sell, sells, and/or imports into the United States the HID Validation Products, and such products directly infringe, literally and/or under the Doctrine of Equivalents, at least claims 1-4, 6, 9 and 13-20 of the '576 Patent.

63.     Upon information and belief, HID Global has also indirectly infringed the '576 Patent by inducing infringement of at least claims 1-4, 6, 9 and 13-20 of the '576 Patent. Despite HID Global's actual or constructive knowledge of the '576 Patent and the infringing nature of the HID Validation Products, HID Global has knowingly and actively, itself or through a subsidiary or other agent, induced others to infringe the '576 Patent by advertising, selling, licensing and/or supporting the HID Validation Products which, when used, result in the direct infringement of at least claims 1-4, 6, 9 and 13-20 of the '576 Patent.

64.     Upon information and belief, HID Global has further indirectly infringed the '576 Patent by contributing to the infringement of at least claims 1-4, 6, 9 and 13-20 of the '576 Patent. By selling or otherwise providing or making available the HID Validation Products, itself or through a subsidiary or other agent, HID Global has contributed to the infringement of the '576 Patent by customers, licensees and/or end-users who use such products for certificate validation.

65.     Defendants' infringement has been willful, with actual or constructive knowledge of the '576 Patent.   The ASSA Patents clearly indicate that the one-way chain computation

techniques described therein are based on and derived from the work of Dr. Jakobsson, which fact was actually known or reasonably should have been known to Defendants, and despite an objectively high likelihood that the aforementioned actions involving the CoreStreet Products and the ActivIdentity Products constituted infringement of at least claims 1-4, 6, 9 and 13-20 of the '576 Patent, Defendants undertook and continue to undertake such actions.

66.     As a result of Defendants' infringing conduct, Crypto Research has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interests and costs as fixed by this Court under 35 U.S.C. § 284.

67.     Upon information and belief, Defendants will continue their infringement of the '576 Patent unless enjoined by this Court.  Defendants' infringing conduct has caused Crypto Research irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

68.     Crypto Research hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff the following relief:

A.      An adjudication that Defendants have infringed, literally and/or under the Doctrine of Equivalents, one or more claims of the Patents-in-Suit;

B.      An adjudication that Defendants have induced infringement of one or more claims of the Patents-in-Suit;

16

C.    An adjudication that Defendants have contributorily infringed one or more claims of the Patents-in-Suit;

D.    An adjudication that Defendants' infringement has been willful;

E.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement with respect to the claims of the Patents-in-Suit;

F.    An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements justified under 35 U.S.C. § 284, with an accounting as needed to adequately compensate Plaintiff for Defendants' infringement;

G.    A trebling of the damages against Defendants as a result of Defendants' willful infringement in accordance with 35 U.S.C. § 284;

H.    An award of Plaintiff's reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

I.    Any further relief that this Court deems just and proper.

Respectfully submitted, this 8th day of April, 2016.

RYAN, MASON & LEWIS, LLP

By:

Joseph B. Ryan
Ryan, Mason & Lewis, LLP
48 South Service Road, Suite 100
Melville, NY 11747
Telephone: (631) 393-6270
Facsimile: (631) 393-6271
Email: jbr@rml-law.com

*Attorney for Plaintiff*
*Crypto Research, LLC*